# IN THE SUPREME BENCH

Filed May 31, 1892.

## STATE OF MARYLAND
## VS.
## GEORGE HAWKINS.

*Charles G. Kerr* for State.
*E. D. Fitzgerald* for Hawkins.

HARLAN, C.J.—

George Hawkins was arrested and brought before a police justice of Baltimore City, charged on oath with being an habitually disorderly person. Having prayed a jury trial, he was without further proceedings before the justice, committed by him for the action of the Criminal Court, and subsequently was presented by the grand jury and a true bill of indictment found against him. A demurrer to this indictment having been overruled, a special plea denying the jurisdiction of the court was interposed. To this the State demurred, and the court sustained the demurrer. Thereupon the trial proceeded before a jury and resulted in a conviction.

The traverser has moved in arrest of judgment, and the ground of the motion is the want of original jurisdiction in the Criminal Court to try persons charged with being habitually disorderly, not insane, and the consequent error of the court in overruling the demurrer to the indictment and in sustaining the demurrer to the special plea. The traverser was not charged with a common law offense but with a statutory crime, originating in Section 314, of Article 27, of the Code of Public General Laws, which declares that "It shall be the duty of any Justice of the Peace of this State to cause to be arrested and on due proof, to commit any vagrant, habitually disorderly person, not insane, to said House of Correction for a period not

less than two months nor more than six months; and on a second or subsequent commitment of the same person for any of the said causes, he or she, in the discretion of the justice, may be sentenced to double the term of the first commitment; provided that any person that may be brought before a justice of the peace as herein mentioned, shall have a right of appeal to the Circuit Court for the county, or if in the City of Baltimore to the Criminal Court of said city, where the same shall be tried as other crimes and misdemeanors." Upon consideration we are all of the opinion that the only jurisdiction given to the Criminal Court of Baltimore City by this section is an appellate jurisdiction, a jurisdiction which does not exist until there has been a trial and conviction of the accused by the justice and an appeal from the justice's determination. A prayer for a jury trial, before trial by the justice is quite a different thing from an appeal from the determination of the justice, which is the right which we think was intended to be secured by the statute. It is plainly the duty of the justice when a person is brought before him under this act charged with being habitually disorderly and prays for a jury trial to go on, notwithstanding such demand to try the alleged offender, and if he find him guilty to proceed to sentence. The accused can then secure a review of the justice's action and a jury trial, if he desires it, by appealing to the Criminal Court. Entertaining these views, unless the jurisdiction exercised by the Criminal Court in this case can be supported under some other statute, the motion in arrest should prevail. The only suggestion made by the learned State's Attorney in this regard is that it may be supported under Section 1 of Article 38 of the Code of Public General Laws, which provides (omitting immaterial language) that "When any fine or penalty is imposed by any Act of Assembly of this State * * * for the doing of any act forbidden to be done by such Act of Assembly * * * or for omitting to do any act required to be done by such Act of Assembly * * * the doing of such act or the omission to do such act, shall be deemed to be a criminal offense; such offense in the City of Baltimore shall be prosecuted by the arrest of the of-

fender and holding him to appear, or committing him for trial, in the Criminal Court of Baltimore City * * * which court shall have jurisdiction in said cases * * * or such offense may be prosecuted by indictment in such court, &c., &c." But we think it is clear that the only Acts of Assembly referred to in this section are those by which *pecuniary penalties* are imposed. This is made manifest by the further provision, "That if any person be adjudged guilty of any such offense * * * he shall be sentenced to the fine *or penalty* prescribed by such Act of Assembly * * * in default of *payment* thereof he shall be committed, &c.," and by the following section of the same article, which declares that, "All fines, penalties and forfeitures when recovered shall be *paid* to the county or city where the same may be imposed." The penalty imposed upon conviction of being an habitually disorderly person, not insane, by this Act which we have been considering is not a pecuniary penalty but imprisonment in the House of Correction.

The motion in arrest of judgment will have to be granted.